The Honorable Ron Fields Prosecuting Attorney 12th Judicial District Sebastian County Courthouse Fort Smith, Arkansas 72901
Dear Mr. Fields:
This is in response to your request for an opinion on two questions regarding newly enacted Act 963 of 1995. You indicate that this act, which amends several provisions of the elections statutes in the Arkansas Code, was passed to comply with the "National Voter Registration Act of 1993," commonly referred to as the "Motor Voter Act." Specifically, the Crawford County Clerk has posed two questions regarding the amendment of A.C.A. § 7-7-306(b) by Act 963, which provides,[1] as amended, as follows:
 If the voter is not listed on the precinct voter registration list and the county clerk is unable to verify the voter's registration and the voter contends that he or she is eligible to vote, then the voter may vote a challenged ballot which shall only be counted upon verification of the voter's registration status.
See also § 7-5-308(d), as amended by Act 963 of 1995 (providing essentially the same thing).
The two questions posed with regard to this provision are as follows:
 1. May election judges and clerks challenge these ballots or is that duty still imposed upon the candidate or his representative or a designated person seeking the passage or defeat of a measure, pursuant to § 7-5-312?
 2. If an election judge or clerk takes action, does he/she follow the procedures in § 7-5-312 (b) and (c)?
It is my opinion that the answer to both of your questions is "yes."
In response to your first question, the new language of § 7-5-308
provides that if the county clerk is unable to verify the voter's registration, the voter may vote a "challenged ballot which shall only be counted upon verification of the voter's registration status." This language does not say the vote shall be counted unless a candidate or a person seeking the passage or defeat of a measure challenges it. In my opinion this language requires the election judges and clerks to indicate on the voters list that this ballot is a "challenged ballot." See §7-5-308(c), as amended by Act 963 of 1995. Thus, in response to your first question, the judges and clerks do "challenge" these ballots, because they are to indicate, on their on motion, that these are "challenged ballots." Such ballots may only be counted if the voter's registration can be verified at a later date. The new act does not indicate how this is to be accomplished. In my opinion, and in response to your second question, the procedure currently provided in § 7-5-312(b) and (c), which now governs only ballots challenged by candidates or proponent or opponents of measures, would be entirely reasonable to follow in this regard. Section 7-5-312 (b) and (c) provide:
 (b) When the ballot of any voter is thus challenged, it shall be the duty of the judges and clerks in the election precinct to make and retain a list of the names of all persons so challenged and the ballots of all challenged persons shall be counted, preserved, and separated from the remaining ballots to the end that the right of any person to vote may be determined later either by the county board of election commissioners or the county committee in a primary or the court in which an election contest may thereafter be filed.
 (c) If the outcome of the election could not be changed if the challenged ballots are invalidated, the county board of election commissioners is not required to examine those ballots. However, if the outcome of the election could be changed if the challenged ballots were invalidated, then the county board of election commissioners shall, prior to certification of the results of the election, determine whether the challenged ballots are valid. . . .
In my opinion, due to the lack of any guidance in Act 963 of 1995 or in §§ 7-5-306 or -308, as amended, the procedure above should be followed in processing the "challenged ballots"
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Act 963 of 1995 will become effective January 1, 1996, and thus these provisions, as amended, have not yet taken effect.